WARREN, A MINOR, ET AL., *v.* BOARD OF EDUCATION, PERRY
LOCAL SCHOOL DISTRICT, ET AL.

[Cite as Warren v. Bd. of Education
(1974), 41 Ohio Misc. 87.]

(No. 74-Civ—0035—Decided June 3, 1974.)

Court of Common Pleas of Lake County.

*Mr. Albert Purola,* for plaintiff.
*Mr. Marvin Plasco,* for defendant.

### Issue

SKOK, J. The issue at bar is whether or not the
defendant, Board of Education, Perry Local School Dis-
trict, can enforce the "hair provision" of the "Dress Code"
against the plaintiff, Daniel Warren, a 12-year old student
enrolled in the 6th grade of the Perry Middle School. This
court is of the opinion that under the evidence of this case,
it *cannot.*

### Applicable Law and Precedent

That portion of the "Dress Code" which is pertinent
reads as follows:

"Hair: Conventional haircuts are recommended. In
no case shall the hair style cover the ears, touch the shirt
collar or extend lower than the eye brows. Sideburns shall
be no lower than the bottom of the ear lobes. All male stu-
dents are to be neat and clean shaven. No beards or mus-
taches are permitted. Confine personal grooming to the
restroom areas."

There exists a plethora of "hair provision" cases in
the United States, but despite this no clear rule has evolv-

ed. There is no decision on this type of "hair provision" by the U. S. Supreme Court or any of the 50 state Supreme Courts.

In Ohio, two cases at the appellate level are cited by the parties: *Laucher* v. *Simpson* (1971), 28 Ohio App. 2d 195, and *Jacobs* v. *Benedict* (1973), 35 Ohio Misc. 92, appeal dismissed, Ohio Supreme Court, case No. 74-29, February 28, 1974. These cases are in fundamental conflict. There is no decision on this point by the Court of Appeals for Lake County to which this court may look for guidance. Consequently, this court must decide the case on the evidence presented, its interpretation of the law, and the application of the facts pertinent thereto.

Section 3313.20 of the Ohio Revised Code reads:

"The board of education shall make such rules and regulations as are necessary for its government and the government of its employees, pupils of its schools. * * *"

*Discussion*

The primary question presented is whether or not a valid educational purpose is served by the "hair provision," or stated differently, is the "hair provision" a regulation which is necessary for governing the pupils of the school?

Evidence adduced at trial even though perceived in a light most favorable to defendants, leads this court inexorably to respond to both questions with resounding "Nays."

No persuasive evidence was introduced directly relating the "hair provision" with the *safety* of the pupils. Plaintiff Warren takes no courses at the vocational school where a possible safety factor might be considered.

No persuasive evidence was introduced directly relating the "hair provision" with the *health* of the pupils. No suggestion was made that plaintiff was unclean or that long hair *per se* was detrimental to health.

No persuasive evidence was introduced directly relating the "hair provision" with the *order, well-being*, or *general welfare* of the pupils. If anything, enforcement of the "hair provision" distracts from the general education-

al process. It appears to the court that an inordinate amount of time is consumed with the enforcement of this regulation.

It is worthy of notice here that testimony was introduced to the effect that teachers should set examples for students. Further, it is axiomatic that children look to adults for examples. In the Perry Local School District however, there is no ''hair provision'' regulation for teaching, administrative, or maintenance personnel within the system.

Defendants place great stress on the element of discipline and contend that we must all be governed by laws, arguing that rules and regulations are necessary in life, etc. No one can quarrel with the major premise of this truistic argument. It should be obvious to all that discipline is not only necessary, but desirable. Ohio law even provides for the reasonable use of corporal punishment in this mandatory search for discipline (R. C. 3319.41). Further, as any parent knows, there is an infinite variety of ways to provide reasonable discipline for children. It is equally obvious that rules and regulations are necessary to a well-ordered society. The court does not disagree with this self-evident truth, but finds that it has no application to the facts in this case.

A fundamental precept underlying our culture and its jurisprudence requires that the broadest latitude be given each individual to pursue and exercise his personal freedom and liberty, to the extent that such pursuit and exercise are consistent with the safety and well-being of the society as a whole. Rules must be *necessary*. They must relate to a lawful purpose. They must be suitable to the ends in view and must not interfere with private rights beyond the necessities of the situation (10 Ohio Jurisprudence 2d 446, Section 371). They must be *meaningful*. For example: Traffic signals are placed at busy intersections where they are needed and not out in the wide expanses of the desert. Strictures against boisterousness are meaningful in crowded theatres, but would obviously appear foolish in great forests or subterranean caverns.

Evidence presented by defendants indicates no un-

usual history of disruption or insubordination in the Perry Schools. Indeed, defendant Goodwin appeared a very competent and erudite school superintendent who ably extolled the virtues of the district. He made no mention of student disruption or vandalism or any equivalent type of problem. There was no testimony tending to show that in the absence of the "hair provision" there will be future disruption of school activity.

The education of a child involves many complex variables and a court cannot, must not, and will not substitute its judgment for that of the duly constituted authority. It is the function and duty of the court, however, to declare invalid a rule which is improper and arbitrary.

### Ruling

The court accordingly holds that the "hair provision" of the Perry "Dress Code" is not a necessary or proper regulation within the meaning of R. C. 3313.20.

The court further holds that the Perry Local School District *can* function properly without the "hair provision" and that the "hair provision" is not necessary to protect or preserve the educational environment.

### Comments of the Court

This opinion must not be interpreted as a defense of long hair. To the contrary, the court personally disapproves of long hair, beards, mustaches, sideburns, etc., and finds the same repugnant. The court recognizes, however, that a nation of laws cannot codify personal notions of taste or appearance whether they be the preference of the Board of Education or of the Judge. This court approves the reasoning of Judge Bettman in *Jacobs* v. *Beneduct, supra* (35 Ohio Misc. 92).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that plaintiff, Daniel Warren, like Pericles, Prince of Tyre (Act III, Scene III) may say: "Unscissar'd shall this hair of mine remain, Though I show ill in't. So I take my leave."

*It is so ordered.*